NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Criminal No. 00-333 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| | : | |
| ELVIS IRIZARRY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion filed by Petitioner Elvis Irizarry (hereinafter "Irizarry" or "Petitioner") for reconsideration of the Court's June 2, 2011 Order denying his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The denied petition for relief under § 2255 revolved around an October 9, 2009 letter written by Samir Bakhoury, the key witness implicating Irizarry in the murder of Kyle Veale. In the letter, Bakhoury recanted his trial testimony and gave a different version of events exculpating Irizarry of the Veale murder. Later, during the Government investigation of the letter, Bakhoury repudiated the statements of the October 9, 2009 letter and returned to the version to which he testified at Irizarry's criminal trial. Following an evidentiary hearing at which Bakhoury testified, the Court denied Petitioner's § 2255 motion, finding that neither the October 9, 2009

---

[1] This motion was filed on August 3, 2011 [docket entry 195]. Though motions for reconsideration must ordinarily be filed within 14 days of the entry of the order on the original motion, see L.Civ.R. 7.1(i), the Court granted Petitioner an extended period of time and directed that the motion for reconsideration be filed on or before August 8, 2011. [See docket entry 194]

letter nor the testimony given by Bakhoury at the evidentiary hearing would have added materially to the jury's evaluation of Bakhoury's credibility at trial. It held, in particular, that the jury chose to credit Bakhoury's trial testimony even though he had been impeached on numerous bases, including specifically his varying versions of how Veale was killed and whether Irizarry was involved with the murder.

In this motion, Irizarry argues that the Court failed to consider that had the jury been presented with yet another vacillation in Bakhoury's account of how Veale was killed, it may have been left with the impression that Bakhoury's testimony that Irizarry ordered the murder was not credible. He also maintains that the information set forth in the October 9, 2009 letter dealing with the motivation for the killing would have corroborated the defense argument that Bakhoury acted alone in killing Veale in revenge for stealing from a joint bank account they shared and further cast doubt on Bakhoury's testimony that Irizarry directed that Veale be killed because he had failed to repay money Irizarry had loaned him. Additionally, Irizarry questions the veracity of Bakhoury's "recantation of the recantation letter" – meaning, his reversion to the story that Irizarry ordered the murder and rejection of the account given in the October 9, 2009 letter – because in the Government's follow-up investigation of the letter, the Government interviewed Bakhoury using the same agent who had convinced Bakhoury that federal murder charges would not be pursued against him if he cooperated with the prosecution. This maneuver, Irizarry argues, pressured Bakhoury into rejecting the statement that Bakhoury acted alone in killing Veale and thus tainted the evidentiary hearing. In short, Irizarry maintains that reconsideration is warranted because the Court denied his motion to vacate, set aside or correct his sentence based on an incorrect evaluation of the October 9, 2009 letter as cumulative and

redundant impeachment evidence instead of newly discovered evidence which would have significantly influenced the jury's assessment of Irizarry's guilt for the Veale murder.

Reconsideration, however, cannot be based on "mere disagreement" with the Court's decision. Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003). Under Local Civil Rule 7.1(i),[2] a court may reconsider an order or judgment upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. Bryan v. Shah, 351 F.Supp.2d 295, 297 n. 2 (D.N.J.2005) (citing Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J.2001)). A court may not grant a motion for reconsideration unless the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 Fed. Appx. 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); L.Civ.R. 7.1(i).

Petitioner has satisfied none of the grounds upon which reconsideration is warranted. Though Irizarry feels that the October 9, 2009 letter would have significantly altered the jury's assessment of Bakhoury's testimony regarding the Veale murder, Petitioner's motion amounts to

---

[2] Rule 12 of the Rules Governing Section 2225 Proceedings for the United States District Courts provides in relevant part that, in the absence of a procedure specifically prescribed by the § 2255 Rules, the court may apply the Federal Rules of Civil Procedure to a § 2255 action. Though the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, the Local Civil Rules of the District of New Jersey do. United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J.1999).

no more than mere disagreement with the Court's analysis of the evidence presented at the evidentiary hearing. His additional argument that prosecutorial misconduct diminished the quality of the hearing is purely speculative, and moreover, does not raise any issue overlooked by the Court in reaching its decision that the October 9, 2009 letter would have at best negligible impact on Bakhoury's credibility at trial.

Accordingly, for the foregoing reasons,

**IT IS** on this 6th day of October, 2011,

**ORDERED** that Irizarry's motion for reconsideration [docket entry 195] be and hereby is **DENIED**.

                                                          s/ Stanley R. Chesler  
                                                          STANLEY R. CHESLER  
                                                          United States District Judge