UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Criminal No. 00-333 (SRC) |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | |
| ELVIS IRIZARRY, : | |
| : | |
| Defendant. : | |
| : | |

**CHESLER**, District Judge

      Petitioner Elvis Irizarry (hereinafter "Irizarry" or "Petitioner") filed a motion on August 15, 2014 in the above-captioned criminal action seeking an evidentiary hearing for the purpose of challenging his conviction. Though entitled a "motion for evidentiary hearing," the submission in substance collaterally attacks Irizarry's criminal sentence based on the alleged ineffective assistance of counsel in connection with plea negotiations. The Court will therefore treat the August 15, 2014 filing as a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. It will hereinafter refer to this motion as the "Petition." The instant Petition is based on the alleged failure by the two attorneys representing Irizarry at trial to communicate a plea offer to him, in violation of his sixth Amendment right to effective counsel. The United States of America (the "Government") has opposed the instant Petition, arguing, among other things, that it constitutes a successive petition over which this Court lacks

jurisdiction pursuant to 28 U.S.C. § 2244. The Court has reviewed the papers filed and determined that it lacks jurisdiction to consider the Petition. For the reasons that follow, the Petition will be dismissed.

**I.     BACKGROUND**

This is the third collateral attack brought by Irizarry with respect to his criminal sentence of December 5, 2001. On that date, Irizarry was sentenced to three life terms plus 85 years in prison. The sentence was imposed following a jury trial in which Irizarry was found guilty of all charges of a seven-count indictment, including a charge of violating the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(c), a charge of conspiring to violate RICO and various other charges such as murder, arson and extortion. Irizarry appealed his conviction. The Third Circuit affirmed, and the Supreme Court denied a petition for a writ of certiorari.

Thereafter, on January 4, 2005, Irizarry filed his first motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. That petition for habeas corpus relief asserted a Sixth Amendment ineffective assistance of counsel claim on the grounds that Irizarry's attorneys should have requested a competency hearing on his behalf prior to allowing him to testify at trial. The petition was denied on the merits without a certificate of appealability. (See Dec. 27, 2005 Op. in Civil Action No. 05-33, docket entry 13.) Irizarry nevertheless appealed, and the Third Circuit affirmed the District Court's decision. The Supreme Court denied his petition for certiorari on October 9, 2007.

On September 10, 2010, Irizarry filed his second petition collaterally attacking the December 5, 2001 sentence.  Like the instant petition, it was filed as a "motion for evidentiary hearing," but the Court construed it as a motion under § 2255 because it challenged the sentence on the grounds that the Government violated his right to due process by presenting perjured testimony.  Irizarry alleged that a witness who testified against him with respect to one of the murder charges later admitted that he had lied on the stand.  In particular, in or about October 9, 2009, while incarcerated on state charges, the witness wrote a letter to the United States Attorney's Office, in which he stated that he had committed the murder himself, and not because Irizarry had forced him to shoot the victim, as he had previously testified. The Court held an evidentiary hearing at which the witness in question testified and explained that he wrote the letter under duress, to demonstrate to other inmates that he was not a "snitch."  As discussed in its June 2, 2011 Opinion, the Court concluded that the witness made clear at the hearing that he was not recanting his trial testimony. It further concluded that there was no evidence that the Government knowingly or recklessly presented false trial testimony from the witness.  The Court denied the petition and declined to issue a certificate of appealability.  (See June 2, 2011 Op. in Criminal No. 0-333, docket entry 192.)  On or about October 6, 2011, the Third Circuit denied Irizarry's application for a certificate of appealability.

The motion for relief under § 2255 now before the Court arises from information obtained by Irizarry in or about March 2014 that, prior to trial, the Government had offered a plea deal to Irizarry on the condition that he cooperate with the Government as a witness against other individuals.  Irizarry claims that this offer was not communicated to him by his counsel. According to Petitioner, the information came to light when his brother, Angelo, contacted one

3

of Irizarry's attorneys, Maria Noto, in March 2014 to ask for the case file and to inquire specifically if any plea deals had been offered. Petitioner attaches a March 12, 2012 email response from Ms. Noto to Angelo Irizarry, which states, in relevant part:

> Regarding your question about whether Elvis was ever offered a deal, Elvis was advised that the Prosecutor was interested in Elvis cooperating with the government. Elvis had no interest whatsoever in a cooperating plea agreement and there were no further discussions about it. I have spoken to co-counsel Roy Greeman [sic], and his recollection regarding this is the same as mine.

(Mot., Ex. E.) Angelo related the information to Petitioner and sent him a copy of the email. Petitioner asserts that this was the first time he had heard of any plea offer by the Government. He wrote to his attorneys, Ms. Noto and Mr. Greenman, regarding this issue. Mr. Greenspan responded by letter stating that he had nothing in writing in his file regarding a plea deal but that he recalled, based on verbal communications, that the Government wanted Irizarry's cooperation as a condition of any plea offer. (Mot., Ex. G.)

Thereafter, on August 15, 2014, Petitioner filed this motion challenging his sentence for failure by his counsel to communicate the plea offer to him in violation of the Sixth Amendment.

**II.   DISCUSSION**

The Government has argued that this Court lacks jurisdiction over the instant § 2255 Petition because it is a second or successive petition within the meaning of § 2244. The statute governing collateral attacks on criminal convictions indeed bars a petitioner from filing a second or successive petition for habeas corpus relief unless the petitioner has sought and obtained an order from the appropriate court of appeals authorizing the district court to consider the petition.

4

In re Olabode, 325 F.3d 166, 169 (3d Cir. 2003) (citing 28 U.S.C. §§ 2244(b)(3)(A) and 2255). Without such authorization from the Court of Appeals, this Court has no jurisdiction to entertain the petition. Benchoff v. Colleran, 404 F.3d 812, 815 (3d Cir. 2005).

It is uncontroverted that Petitioner has not made a motion to the Third Circuit for an order granting this Court the authority to hear a successive § 2255 petition. Nor does Petitioner dispute that he has previously brought two collateral challenges to the same sentence he challenges in the instant application. He maintains, however, that the Petition now before the Court does not constitute a "second or successive petition" because it is based on newly discovered evidence. Petitioner, in other words, argues that he simply could not have asserted this claim in previous collateral attacks on the sentence. The critical issue, then, the Court must resolve to determine whether it has jurisdiction to proceed with this petition is whether this Petition is whether it is a "second or successive" petition within the meaning of the governing statute.

Observing that the term is not defined by the statute, the Third Circuit reviewed the case law interpreting the statutory language and concluded that "second or successive" should be read as a term of art rather than literally. Benchoff, 404 F.3d at 817. It held, based on principles of equity, that a petition should not be considered second or successive merely because it follows an earlier collateral attack. Id. Rather, a petition should be considered successive if (1) an earlier petition has been decided on the merits; (2) the prior and new applications challenge the same conviction; and (3) the new application raises a claim that could have been raised in the earlier petition. Id. As the record and the Court's synopsis above reflect, it is clear that both of Irizarry's prior § 2255 petitions were decided on the merits – the first because Petitioner failed to

demonstrate that his attorneys were ineffective in not requesting a competency hearing and the second because Petitioner failed to demonstrate that the Government knowingly or recklessly presented false testimony at trial.  In this case, the third prong of the test for "second or successive" petitions constitutes the disputed point between Irizarry and the Government.  Petitioner argues that he could not, in those earlier petitions, have raised a claim based on counsel's failure to communicate a plea offer to him because he only learned, according to him, that an offer was made by the Government, when his brother contacted Irizarry's trial counsel in March 2014 to inquire about this subject.  It was only then, Irizarry argues, that the information came to light.  The Government argues that Irizarry's position is untenable because this information would have been readily available to Irizarry with the exercise of reasonable diligence.  They note that the same inquiry about plea offers that Irizarry's brother made in March 2014 could have been made by Irizarry at various points in the long history of this case and Irizarry's direct and collateral challenges to the sentence.  The Government points out that the same information obtained by Irizarry's brother in March 2014 was available to Irizarry at the time of his 2001 trial, initial appeal, the § 2255 petition he filed in 2005 and the § 2255 petition he filed in 2010.

     The Government is correct.  Irizarry asserts, without explanation, that the information about a plea offer is "newly discovered evidence."  He does not give a reason for failing, at an earlier time, to request his case file or ask counsel about any interest by the Government in engaging in plea negotiations with him.  In fact, Irizarry's brief in connection with this motion contradicts his assertion that he first became aware in March 2014 of a purported offer.  Even assuming there was a formal offer made by the Government – and the Court notes that the record

at best indicates that there was verbal communication in which the Government expressed an interest in obtaining Irizarry's cooperation as a condition of any potential offer – Irizarry himself states that "cooperation was brought up to the Petitioner by his counsel Ms. Noto (lead attorney), who immediately made it clear to Petitioner that she would not represent him should he decide to cooperate with prosecutors." (Mot. at 7.) Neither Petitioner's possible regret in not pursuing such negotiations nor his assertion that counsel expressed unwillingness to represent him render the information about plea bargaining "newly discovered" such that Irizarry's new Sixth Amendment claim could not have been brought earlier. The March 2014 conversations between Irizarry's brother and Ms. Noto and Mr. Greenman revealed no information not previously known, or in the exercise of reasonable diligence, knowable to Irizarry. Indeed, Ms. Noto's email of March 12, 2014 in response to Angelo Irizarry's inquiry is consistent with Petitioner's own assertion that prior to trial, Ms. Noto raised the topic of cooperation with Petitioner. Though quoted above, her response bears repeating. She writes: "Elvis was advised that the Prosecutor was interested in Elvis cooperating with the government. Elvis had no interest whatsoever in a cooperating plea agreement and there were no further discussions about it." (Mot., Ex. E.)

     Petitioner, in short, cannot convert the belated communications between his brother and his trial counsel on the subject of plea negotiations into grounds for a new ineffective assistance of counsel claim, particularly as the communications cover the same information previously available to Petitioner. He has failed to demonstrate that he could not have brought the instant ineffective assistance of counsel claim in one of his earlier petitions. The Court concludes that the instant Petition is in fact a second or successive petition over which it has no jurisdiction.

While the Court may, in the interest of justice, transfer this action to the Third Circuit Court of Appeals so that it could consider whether to grant the Court authority to proceed with Irizarry's successive petition, see 28 U.S.C. § 1631, the Court will not do so because a transfer would be futile. Irizarry's submission contains no indication that the grounds for obtaining the requisite authorization could be satisfied. The governing statute provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Neither of these grounds are applicable. Petitioner does not contend that there is "newly discovered evidence" regarding his guilt on the charges for which he was convicted. As to the second ground, Petitioner claims ineffective assistance of counsel based on two companion decisions issued by the Supreme Court in 2012 but does not satisfy the requirement that the decisions announced a retroactively applicable new rule of constitutional law.

In the cases relied upon by Petitioner, Missouri v. Frye, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, 132 S. Ct. 1376 (2012), the Supreme Court held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Frye, 132 S. Ct. at 1408; see also Lafler, 132 S. Ct. at 1387 (holding that a defendant has the right to effective assistance of counsel in considering

8

whether to accept a plea offer and can show prejudice if the loss of that opportunity led to a harsher sentence upon conviction following trial). Even assuming that Frye and Lafler announced a new rule of constitutional law, Petitioner presents no authority demonstrating that the rule is retroactively applicable.[1] Only the Supreme Court can make a new rule retroactive to post-conviction cases on collateral review. Tyler v. Cain, 533 U.S. 656, 663 (2001). The Third Circuit, indeed, has held that a defendant cannot file a successive habeas corpus petition under § 2255(h)(2) unless the Supreme Court "explicitly held, or two or more of its decisions when read together must absolutely dictate, that a particular rule is retroactively applicable to cases on collateral review." In re Olopade, 403 F.3d 159, 162 (3d Cir. 2005). Neither Lafler nor Frye expressly held that that their rules regarding plea offers and the Sixth Amendment right to the effective assistance of counsel shall be retroactively applicable to cases on collateral review. As such, Petitioner could not meet the standard under § 2255(h) for bringing a successive petition, and thus the interests of justice do no warrant transfer of this case to the Third Circuit to consider whether such authorization would be granted.[2]

Accordingly, this Petition must be dismissed for lack of jurisdiction.

---

[1] While the Third Circuit has not reached a binding conclusion on the issue of whether the rules announced in Lafler and Frye are new or not, a non-precedential opinion issued by the Court of Appeals in 2012 held that the cases "do not announce new rules of constitutional law that have been made retroactive," but rather simply apply "the standard previously set forth in *Strickland v. Washington*." In re Williams, 2012 U.S. App. LEXIS 24166 (3d Cir. Nov. 5, 2012).

[2] The Government further notes that transfer would also be futile because, even if the Third Circuit concluded that Lafler and Frye announced a new rule and, further, expressly held that the new rule was retroactive, Irizarry's instant petition would be barred for untimeliness. Section § 2255(f) sets a one-year limitation period for petitions governed by that section. As it applies to this motion, the one-year period began to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Irizarry filed the instant petition on August 15, 2014, well over a year after the Frye and Lafler decisions on which he relies.

### III. CERTIFICATE OF APPEALABILITY

This Court must determine whether a certificate of appealability should issue. L.A.R. 22.2. The Court should issue a certificate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). As set forth above, Petitioner's claims are barred by the statutory prohibition on second or successive habeas petitions. The Court concludes that Petitioner has not demonstrated that jurists of reason would find this assessment debatable or wrong. Therefore, this Court declines to issue a certificate of appealability pursuant to section 2253(c)(2).

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Irizarry's motion for relief under 28 U.S.C. § 2255, filed with this Court on August 15, 2014, for lack of jurisdiction. A certificate of appealability will not issue. An appropriate form of Order will follow.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: December 18, 2014