<u>Not for Publication</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : <br> : <br> : | **Criminal Action No. 00-333 (SRC)** |
| v. | : <br> : | **OPINION & ORDER** |
| ELVIS IRIZARRY | : <br> : <br> : <br> : | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on Defendant Elvis Irizarry's ("Defendant") Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 212, "Mot."). In his Motion, Defendant, currently serving a sentence of life plus 45 years' imprisonment, seeks release from incarceration. The Government filed a brief in opposition to the Motion (Dkt. No. 215, "Opp."). Defendant filed a reply (Dkt. No. 216, "Letter Reply") which raised new factual allegations, to which the Government responded (Dkt. 218, "Gov. Letter Reply"). Having considered the parties' submissions, the Court decides this matter without oral argument. See Fed. R. Crim. P. 43(b)(4); <u>United States v. Styer</u>, 573 F.3d 151, 154 (3d Cir. 2009). For the reasons set forth below, the Court will **DENY** Defendant's Motion.

### I.    BACKGROUND

Following a jury trial, Defendant was found guilty of all charges of a seven-count indictment, including a charge of violating the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(c), a charge of conspiring to violate RICO and various other charges such as murder, arson and extortion. (Dkt. No. 128). The RICO convictions were predicated on

12 acts of racketeering, including five homicides. One of those murders was described by a police officer involved with the case as "one of the most brutal things" he had ever seen. (Dkt. No. 138, "Sentencing Tr." at 31-32). On December 5, 2001, Judge Politan sentenced Irizarry to life imprisonment plus a term of 45 years' imprisonment.[1] At sentencing, Judge Politan stated, "[t]he Court thinks very, very carefully and there is no question—absolutely no question in this Court's mind that you are the individual who was described in the testimony as a brutal, cold, bloodless, evil person and murderer." (Id. at 31). Irizarry's conviction was affirmed on appeal, and the Supreme Court denied a petition for a writ of certiorari. Now, Defendant asks this Court for compassionate release.

## II.    LEGAL STANDARD

A district court may only modify a sentence of imprisonment in "limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010). One such circumstance is compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), under which Defendant moves in this case. The statute, as amended by the First Step Act of 2018, allows a motion for such relief to be brought by either the Director of the Bureau of Prisons ("BOP") or by defendants after exhausting their administrative remedies. 18 U.S.C. § 3582(c)(1)(A)(i); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). A court may reduce a sentence if it finds the following: (1) the defendant has exhausted his administrative remedies; (2) there are "extraordinary and compelling reasons" which, "consistent with applicable policy statements issued by the Sentencing

---

[1] The Government states in its brief that Defendant was sentenced to a term of life plus 85 years. (Opp. at 2). But, looking at the Judgment filed by Judge Politan at the time of sentencing, it appears to the Court that Defendant was sentenced, in addition to three life sentences, to "240 months on each of counts 4 and 5; and a term of 480 months on count 3, all to run concurrently; A term of 60 months on count 7 to run consecutively." The Court's math here—480 months plus 60 months—comes to 45, not 85 years. Regardless, this difference with the Government does not impact the outcome of the Motion.

Commission," warrant a reduction, and (3) the applicable sentencing factors under 18 U.S.C. § 3553(a) indicate reducing the sentence would be appropriate.  18 U.S.C. § 3582(c)(1)(A).

The relevant Sentencing Guidelines Policy Statements provides, in relevant part, that a Court may grant a motion for sentence reduction:

> if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>     (B) []
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) the reduction is consistent with this policy statement.

U.S.S.G § 1B1.13.  The Guidelines then expound upon the meaning of the term "extraordinary and compelling reasons," stating that such reasons exist under each of or a combination of six enumerated circumstances: "(1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant; (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence [for Defendant's who have served at least 10 years of a term of imprisonment]."  Id.

"[S]entencing courts are . . . permitted 'to exercise broad discretion' to determine whether and to what extent the prisoner warrants, or, in other words, is qualified for, a sentence reduction." United States v. Rutherford, 120 F.4th 360, 365 (3d Cir. 2024) (quoting United States v. Stewart, 86 F.4th 532, 534 (3d Cir. 2023)); see also United States v. Colon, 2024 WL 4607486, at *3 (D.N.J. Oct. 25, 2024) ("Although courts are not bound by Section 1B1.13's definition of 'extraordinary and compelling reasons,' courts may still consider the definition as a 'guide' to 'shed[ ] light on the meaning of extraordinary and compelling reasons.'" (quoting United States v. Andrews, 12 F.4th 255, 259–60 (3d Cir. 2021).  Ultimately, it is the defendant seeking relief, not the

3

Government, who carries the burden of demonstrating that he is entitled to compassionate release. See United States v. Rooks, 2022 WL 2964805, at *2 n.4 (3d Cir. July 27, 2022) (per curiam).

### III.    DISCUSSION

The Court must answer three core questions in deciding whether to grant a motion for compassionate release.  See United States v. Manasse, 2026 WL 266094, at *3 (D.N.J. Feb. 2, 2026).  First, whether the defendant has exhausted all administrative rights to appeal under 18 § 3582(c)(1)(A).  Second, whether the defendant is eligible for a reduction based on a "extraordinary and compelling reasons" consistent with U.S.S.G. § 1B1.13(b).  Third, whether the defendant qualifies for a reduction under the sentencing factors set out in 18 U.S.C. § 3553(a).

Here, the record indicates and the Government concedes, Defendant has exhausted his administrative remedies.  (Mot. at 3; Opp. at 4).  Because the Court finds Defendant satisfies the exhaustion requirement, the Court next turns to "whether Defendant has met his burden to demonstrate an extraordinary and compelling reason justifying a sentence reduction, and . . . whether early release is warranted pursuant to the factors enumerated under 18 U.S.C. § 3553(a)." United States v. Jones, 2025 WL 2533529, at *2 (D.N.J. Sept. 3, 2025) (citations omitted).

First, the Court turns to an analysis of Defendant's proffered extraordinary and compelling reasons.  In his application for a reduction in sentence, Defendant selected three boxes, which map onto categories laid out in U.S.S.G. § 1B1.13(b), providing rationales for why he should be granted compassionate release.  According to Defendant: (1) there is an ongoing outbreak of infectious disease or public health emergency at his facility that places him uniquely at risk, (2) there is some other non-listed circumstance or combination of circumstances which warrant reduction, and (3) he has served at least 10 years of an unusually long sentence, which, due to a change in law, is substantially longer than the sentence he would serve today for the same underlying crime.  (Mot.

4

at 5).  In the section of the application where Defendant had the opportunity to elaborate, he wrote only that, "under the new laws after Nov. 1st 2024, I feel I qualify for relief."  This single sentence, without reference to any particular law or circumstance, is not nearly enough to satisfy Defendant's burden here.

While the Court cannot say for certain, it suspects that Defendant is, in fact, referring to the Sentencing Commission's guidance issued on November 1st of 2023 (not 2024) which stated that non-retroactive changes in law could constitute extraordinary and compelling circumstances warranting sentence reduction, if a defendant has served at least ten years of an unusually long sentence,  See U.S.S.G. § 1B1.13(b)(6).  This would at least theoretically align with the third proffered reason in his application for sentence reduction.[2]  But, even if Defendant had said this explicitly, it would not clarify for the Court *why* Defendant would be entitled to a reduction in his sentence.  Defendant points to no change in law and does not attempt to explain why he believes his sentence is unusually long.

As to Defendant's indication of an ongoing medical emergency, the Court is likewise left without any supporting evidence.  In fact, later in his application, Defendant indicated that he will not need continuing medical care if he is released from prison.  (Mot. at 10).  Further, in his handwritten request to the BOP, Defendant states outright, "it is no longer a medical issue." (Opp., Ex. A at 1, "BOP Letter").  Accordingly, the Court has no reason to believe that any medical condition militates for release.

---

[2] The Government also takes a guess as to what Defendant may be referring to in his Motion and concludes that he is referring to the Amendments to the United States Sentencing Guidelines effective November 1, 2024.  As the Government correctly points out, those amendments do not apply retroactively and in any case, it is not at all clear which of those amendments might even come close to applying to Defendant's circumstances.  (Opp. at 7).

In addition to the reasons indicated in his application, Defendant included two explanations in his letter to the BOP. First, Defendant stated that he ought to be released to become the sole care caregiver for his 85-year-old father. Second, Defendant noted that he has five years of "clear conduct" which suggests he should be released. (See BOP Letter).

While the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" may sometimes constitute extraordinary and compelling circumstances, U.S.S.G. § 1B1.13(b)(3)(D), Defendant here has marshaled no evidence that (1) his father is incapacitated or (2) he is the only available caregiver. Accordingly, the Court cannot credit this single statement, without more. See United States v. Fanelli, 2025 WL 2267636, at *6 (D.N.J. Aug. 8, 2025) (citation omitted) ("A defendant must present strong evidence that he or she is the sole individual capable of caring for the [family member]"); United States v. Crespo, 2026 WL 438159, at *3 (D.N.J. Feb. 13, 2026) (defendant "offers no competent evidence, medical or otherwise, showing that his children's mother has any of the medical conditions he alleges, much less establishing that she is incapacitated."). The Court also notes that even if Defendant were to provide such evidence and the Court was satisfied that these circumstances were extraordinary and compelling, the Court would need to immediately or near-immediately release him in order to allow him to care for his 85-year-old father. A commutation of sentence that substantially reduced his time in prison, but without immediate release, would be essentially useless. Given the Court's concerns about Defendant in this case, the Court would not be willing to do so.

The Court next turns to Defendant's conduct in prison. While it may be true that he has had a clean disciplinary record for the past five years, his overall activity while incarcerated gives the Court pause, to say the least. Among other infractions, in 2021, Defendant was sanctioned for possessing a dangerous weapon, and in 2017 and 2013, he was disciplined for fighting with other

6

inmates.  But perhaps more concerning than his disciplinary record is Defendant's apparent foray into book authorship.  Specifically, Defendant seems to have written and published two books which glorify his work as a hitman.  See Elvis Irizarry, The Making of an American Hitman Vol. 1 (2020); Elvis Irizarry, The Making of an American Hitman Vol. 2 Body Count (2025).  In his description of the book on Amazon.com he states he "rack[ed] up 31 kills on three different continents."[3]  These books suggest that, while in prison, Defendant has decided he would rather lionize his past than turn the page on it.  In any event, rehabilitation alone is not an extraordinary and compelling reason which justifies compassionate release.  See U.S.S.G. § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason"); United States v. Spivey, 2023 WL 2535304, at *1 (D.N.J. Mar. 16, 2023) ("[T]he statute expressly states that rehabilitation alone cannot constitute an extraordinary and compelling reason").

Finally, the Court notes that in his Reply, Defendant claims to have helped law enforcement thwart an attempted bombing of the United States Court of Appeals for the Fourth Circuit, and to have helped prevent a planned sexual assault by another inmate against "female staff."  (Reply at 2-3).  The Court asked the Government to investigate these allegations and the Government did so. (Government Letter Reply).  The Court is satisfied by the Government's representations that no records exist which corroborate Defendant's account of events relating to either the bombing attempt or the sexual assault attempt, nor do any of the federal officers or agents to whom they reached out have any recollection of Defendant's involvement.

---

[3] See Elvis Irizarry, The Making of an American Hitman Vol. 2 Body Count, Amazon, https://www.amazon.com/Making-American-Hitman-Vol-Count/dp/B0DVVR4BGM/ref=sr_1_1?dib=eyJ2IjoiMSJ9.rBLZloxCLCODWADb3N9 DIUMVMKRBu7HmDD44J6Gt3kE.CNMrBZBhhjw5TlN2wz1SJPPgx6UilcRKtiY1F FT3lsY&dib_tag=se&qid=1776982943&refinements=p_27%3AElvis+Irizarry&s=boo ks&sr=1-1 (April 30, 2026). **[**perma.cc/W8MB-3CWY]

Accordingly, the Court finds that Defendant is not eligible for a reduction based on any "extraordinary and compelling reasons" consistent with U.S.S.G. § 1B1.13(b).  The Court could stop here; however, for the avoidance of doubt, it proceeds to consider whether early release is warranted under the factors set forth in 18 U.S.C. § 3553(a).

Here, the § 3553(a) factors weigh strongly against compassionate release.  Defendant's crimes were particularly gruesome.  As noted above, the crimes for which he was convicted involved five murders.  During one of those murders, Defendant's victim was stabbed 48 times. (Mot. at 2).  This murder was described by a police officer as "one of the most brutal things he's ever seen."  (Sentencing Tr. at 31-32).  Judge Politan stated at sentencing that the images of the murders committed by Defendant were "brutal," "terrible," and "inhuman."  (Id. at 32).  In addition to the murders, Defendant committed armed robberies, arson, and extortion.

Further, Defendant's history and characteristics do not suggest that he has become any less of a danger to the public.  As discussed above, while incarcerated, Defendant has been disciplined for multiple violent offenses, and for possession of a deadly weapon.  He has also attempted to glorify his history of violence through the publication of his two books.  The completion of his sentence is, in this court's view, necessary to deter such heinous conduct, promote respect for the rule of law, and to protect the public from further crimes.  See  United States v. Balter, 2024 WL 2105553, at *5 (D.N.J. May 9, 2024), aff'd, 2024 WL 4274350 (3d Cir. Sept. 24, 2024) (reasoning that granting compassionate release for a hitman-defendant "would send the wrong message to the public about the gravity of his offense" and that "that denying Balter's motion best promotes respect for the law, provides just punishment, and sends the message to society at large that the justice system will respond aggressively to crimes of this nature.").  Accordingly, the § 3553(a) factors militate against compassionate release in this case.

In sum, the Court does not find extraordinary and compelling reasons which would justify Defendant's early release from incarceration.  But, even if the Court did find extraordinary and compelling reasons, consideration of the 18 U.S.C. 3553(a) factors would result in denial of the Motion.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

*      *      *

For these reasons,

**IT IS** on this 4th of June, 2026

**ORDERED** that Defendant's Motion (Dkt. No. 212) is **DENIED**.

s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.