**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, v. ELVIS IRIZARRY | : | **Criminal Action No. 00-333 (SRC)** **OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court on Defendant Elvis Irizarry's ("Defendant") motion for appointment of counsel to assist in the filing of a motion for sentence reduction. (Dkt. No. 220, "Motion"). The Government filed a brief in opposition to the Motion (Dkt. No. 222, "Opp."). Having considered the parties' submissions, the Court decides this matter without oral argument. See Fed. R. Crim. P. 43(b)(4); United States v. Styer, 573 F.3d 151, 154 (3d Cir. 2009). For the reasons set forth below, the Court will **DENY** Defendant's Motion.

## I. BACKGROUND

Following a jury trial, Defendant was found guilty of all charges of a seven-count indictment, including a charge of violating the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(c), a charge of conspiring to violate RICO and various other charges such as murder, arson and extortion. (Dkt. No. 128). The RICO convictions were predicated on 12 acts of racketeering, including five homicides. One of those murders was described by a police officer involved with the case as "one of the most brutal things" he had ever seen. (Dkt. No. 138,

"Sentencing Tr." at 31-32). On December 5, 2001, Judge Politan sentenced Irizarry to life imprisonment plus a term of 45 years' imprisonment.

On March 17, 2026, Defendant moved to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 212). After full briefing, the Court denied that application on June 4, 2026. (Dkt. No. 219). While the motion for sentence reduction was pending, Defendant mailed a motion for the appointment of counsel to assist with his request for a sentence reduction. However, because of an error in mail delivery, this Court only received Defendant's motion for appointment of counsel after it had already denied Defendant's motion for sentence reduction. In the interest of justice, the Court will consider Defendant's Motion. [1]

## II. ANALYSIS

A criminal defendant has no constitutional or statutory right to counsel in proceedings on a motion for sentence reduction. United States v. Millhouse, 2021 WL 3280789, at *3 n.4 (3d Cir. Aug. 2, 2021). But a district court still has "discretion to appoint counsel for an indigent litigant after considering several factors." United States v. Burney, 2021 WL 4963253, at *2 (D.N.J. Oct. 25, 2021) (quotations omitted); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). "In determining whether to appoint counsel in compassionate release cases, courts must first determine whether the defendant's claim 'has some merit in fact and law.'" United States v. Gonzalez, 2021 WL 1088258, at *4 (E.D. Pa. Mar. 22, 2021) (quoting Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)).

---

[1] The Government first asks the Court to deny Defendant's request as moot because the motion for sentence reduction has already been resolved so there is no longer a live controversy. (Opp. at 2). But because Defendant appears to have written and mailed the motion for appointment of counsel while the motion for sentence reduction was outstanding, the Court thinks it would be unjust to merely dismiss Defendant's request for counsel as moot because of a mailing error.

If the Court finds some merit, it must then consider the following factors:

> (1) the defendant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the defendant to pursue the investigation; (4) the defendant's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

Id. (citing Tabron, 6 F.3d at 155-57).

For the reasons stated in this Court's opinion and order denying Defendant's motion for sentence reduction, that application has no merit in either law or fact and the Court finds no reason why counsel should be appointed in this matter. (See Dkt. No. 219). Defendant has not presented the Court with any extraordinary and compelling reasons which arguably warrant compassionate release nor does his request pass the threshold merit requirement which would trigger consideration of the additional Tabron factors. See United States v. Herd, 2025 WL 1937602, at *5 (D.N.J. July 15, 2025) (denying the defendant's motion for appointment of counsel after analyzing his motion for compassionate release and stating, "this opinion has laid out several reasons why Defendant's motion lacks merit.").

## III. CONCLUSION

For the reasons set forth above, Defendant's motion for appointment of counsel is **DENIED**.

* * *

For these reasons,

**IT IS** on this 29th of July, 2026

**ORDERED** that Defendant's Motion (Dkt. No. 220) is **DENIED**.

s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.